Jonathan Shub (CA Bar #237708)
Kevin Laukaitis*
**KOHN, SWIFT & GRAF, P.C.**
1600 Market Street, Suite 2500
Philadelphia, PA 19103
Tel: 215-238-1700
Email: jshub@kohnswift.com
          klaukaitis@kohnswift.com

*Attorneys for Plaintiff and the Class*
[Additional Counsel Listed on Signature Page]

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA DAVIS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CBDMD, Inc., a North Carolina Corporation,<br><br>Defendant. | Civil Action No.:_____<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiff Cynthia Davis ("Plaintiff"), through her undersigned attorneys, Barbat, Mansour & Suciu PLLC, Kohn, Swift & Graf, P.C. and Greg Coleman Law, P.C., brings this Class Action Complaint against Defendant cbdMD, Inc. ("Defendant"), individually and on behalf of all others similarly situated, and complains and alleges upon personal knowledge as to herself and her own acts and

experiences and, as to all other matters, upon information and belief, including investigation conducted by her attorneys:

## <u>NATURE OF THE ACTION</u>

1.      This is a civil class action brought individually by Plaintiff on behalf of consumers who purchased Defendant's "CBD Tinctures", "CBD Gummies", "CBD Capsules", "CBD Sleep Aid", and "CBD Topicals"[1] (the "Products" or "CBD Products").[2]  All of the Products are promoted as products containing cannabidiol (CBD), for personal use and not for resale.

2.      Defendant's Products, however, are illegal to sell.

3.      Defendant formulates, manufactures, advertises, and sells the CBD Products throughout the United States, including in the State of California.

4.      The CBD (cannabidiol) Product market is a multibillion-dollar business enterprise that is lucrative for its market participants and is expected to further expand into a $16 billion-dollar industry by 2025.[3]

5.      With knowledge of growing consumer demand for CBD Products, Defendant has intentionally marketed and sold illegal CBD products.

---

[1] The "CBD Topicals" products refer to the CBD Freeze and CBD Recover products.
[2] The Products contain numerous different flavors and dosages.
[3] https://www.forbes.com/sites/irisdorbian/2019/03/12/cbd-market-could-pull-in-16-bln-by-2025-says-study/#69e764bb3efd. Last Visited December 3, 2019.

**CLASS ACTION COMPLAINT**

6.     Defendant's multiple and prominent systematic mislabeling of the Products form a pattern of unlawful and unfair business practices that harms the public.

7.     Accordingly, Plaintiff and each of the Class members have suffered an injury in fact caused by the false, fraudulent, unfair, deceptive, and misleading practices as set forth herein, and seek compensatory damages and injunctive relief.

8.     Plaintiff brings this suit to halt the unlawful sales and marketing of the CBD Products by Defendant and for damages he sustained as a result.  Given the massive quantities of the Products sold all over the country, this class action is the proper vehicle for addressing Defendant's misconduct and for attaining needed relief for those affected.

9.     Plaintiff and each of the Class members accordingly suffered an injury in fact caused by the false, fraudulent, unfair, deceptive, and misleading practices set forth herein, and seek compensatory damages, statutory damages, and declaratory and injunctive relief.

## JURISDICTION AND VENUE

10.     This Court has original jurisdiction over this controversy pursuant to 28 U.S.C. § 1332(d).   The amount in controversy in this class action exceeds $5,000,000, exclusive of interest and costs, and there are numerous Class members who are citizens of states other than Defendant's states of citizenship.

**CLASS ACTION COMPLAINT**

11.     This Court has personal jurisdiction over Defendant in this matter. The acts and omissions giving rise to this action occurred in the state of California. Defendant has been afforded due process because it has, at all times relevant to this matter, individually or through its agents, subsidiaries, officers and/or representatives, operated, conducted, engaged in and carried on a business venture in this state and/or maintained an office or agency in this state, and/or marketed, advertised, distributed and/or sold products, committed a statutory violation within this state related to the allegations made herein, and caused injuries to Plaintiff and putative Class Members, which arose out of the acts and omissions that occurred in the state of California, during the relevant time period, at which time Defendant was engaged in business activities in the state of California.

12.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) and (c) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District and because Defendant transacts business and/or has agents within this District and has intentionally availed itself of the laws and markets within this district.

## **PARTIES**

13.     Plaintiff Cynthia Davis is a citizen of California who resides in Monrovia, California.  On April 15, 2019, Plaintiff purchased a CBD Topical product, specifically CBD Inflammation Formula 4oz Tub 750mg, from Defendant

**CLASS ACTION COMPLAINT**

through Defendant's website, https://www.cbdmd.com for $59.99. If Plaintiff knew the Products were not legally sold in the United States, Plaintiff would have not purchased them.

14.    Defendant cbdMD, Inc. is a North Carolina corporation with its principal place of business at 8845 Red Oak Blvd., Charlotte, NC 28217.

## FACTUAL ALLEGATIONS

15.    At all relevant times, Defendant has marketed its Products in a consistent and uniform manner. Defendant sells the Products in all 50 states on its website and through various distributors.

## *DEFENDANT'S ILLEGAL PRODUCTS*

16.    On November 22, 2019, the United States Food & Drug Administration sent Warning Letters to 15 CBD manufacturers discussing numerous violations of the Products, including but not limited to; Unapproved New Drugs, Misbranded Drugs, Adulterated Human Foods, Unapproved New Animal Drugs, and Adultered Animal Foods. All of these violations of the Food, Drug and Cosmetic Act make the Products illegal to sell.[4]

---

[4] *See* https://www.fda.gov/news-events/press-announcements/fda-warns-15-companies-illegally-selling-various-products-containing-cannabidiol-agency-details?utm_campaign=112519_Statement_FDA%20warns%20companies%20for%20illegally%20selling%20various%20products%20containing%20cannabidiol&utm_medium=email&utm_source=Eloqua
Last visited December 3, 2019.

**CLASS ACTION COMPLAINT**

***Unapproved New Drugs***

17.     Defendant's "CBD Topical" products are drugs under section 201(g)(1) of the FD&C Act, 21 U.S.C. 321(g)(1), because they are intended for use in the diagnosis, cure, mitigation, treatment, or prevention of disease and/or intended to affect the structure or any function of the body.

18.     Specifically, the "CBD Topical" products use numerous references to "Inflammation", "Pain Relief", and "Arthritis" on the labeling and Defendant's website. These claims are illegal:



**CLASS ACTION COMPLAINT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



Enriched with CBD, arnica, vitamin B6, and MSM for a full profile of topical properties, cbdMD's CBD Recover Inflammation

Cream was designed with one goal in mind: recovery. Every unique ingredient has a specific purpose: arnica for white-cell

stimulation, vitamin B6 to repair inflammatory and arthritic damage, and MSM for increased flexibility and absorption within

cellular walls.

**CLASS ACTION COMPLAINT**

19.    Defendant's "CBD Topical" products are not generally recognized as safe and effective for their above referenced uses and, therefore, these products are "new drugs" under section 201(p) of the FD&C Act, 21 U.S.C. 321(p).  New drugs may not be legally introduced or delivered for introduction into interstate commerce without prior approval from the FDA, as described in sections 301(d) and 505(a) of the FD&C Act, 21 U.S.C. 331(d) and 355(a).

### *Misbranded Drugs*

20.    Defendant's Products are also misbranded within the meaning of section 502(f)(1) of the FD&C Act, 21 U.S.C. 352(f)(1), in that their labeling fails to bear adequate directions for use. "Adequate directions for use" means directions under which a layperson can use a drug safely and for the purposes for which it is intended. *See* 21 CFR 201.5. The aforementioned products are offered for conditions that are not amenable to self-diagnosis and treatment by individuals who are not medical practitioners; therefore, adequate directions for use cannot be written so that a layperson can use these drugs safely for their intended purposes. FDA approved prescription drugs that bear their FDA-approved labeling are exempt from the requirements that they bear adequate directions for use by a layperson. However, Defendant's Products are not exempt from the requirement that their labeling bear adequate directions for use, under 21 CFR 201.100(c)(2) and 201.115, because no FDA approved applications are in effect for them. The

**CLASS ACTION COMPLAINT**

introduction or delivery for introduction into interstate commerce of these

misbranded drugs violates section 301(a) of the FD&C Act, 21 U.S.C. 331(a).

### ***Mislabeled Dietary Supplements***

21.    Defendant's "CBD Tinctures", "CBD Gummies", "CBD Capsules",

and "CBD Sleep Aid", products are mislabeled as Dietary Supplements and/or

contain the illegal dietary ingredient CBD.  Every product contains a Supplement

Facts section on the back of the container which is reserved for dietary

supplements and use the FDA's specific mandatory warnings for dietary

supplements[5]:



---

[5] "This product is not intended to diagnose, treat, cure, or prevent any disease" and "These statements have not been evaluated by the Food & Drug Administration".

**CLASS ACTION COMPLAINT**

22.    The FDA has stated that CBD may not be labeled as a dietary

ingredient or legally be contained within a dietary supplement[6]:

- The FDA has approved only one CBD product, a prescription drug product to treat two rare, severe forms of epilepsy.
- It is currently illegal to market CBD by adding it to a food or labeling it as a dietary supplement.
- The FDA has seen only limited data about CBD safety and these data point to real risks that need to be considered before taking CBD for any reason.

---

[6] *See* https://www.fda.gov/consumers/consumer-updates/what-you-need-know-and-what-were-working-find-out-about-products-containing-cannabis-or-cannabis
Last Visited November 27, 2019.

**CLASS ACTION COMPLAINT**

23.     Defendant's Products cannot be dietary supplements because they do not meet the definition of a dietary supplement under section 201(ff) of the FD&C Act, 21 U.S.C. 321(ff).  The FDA has concluded, based on available evidence, that CBD products are excluded from the dietary supplement definition under sections 201(ff)(3)(B)(i) and (ii) of the FD&C Act, 21 U.S.C. 321(ff)(3)(B)(i) and (ii).  Under those provisions, if an article (such as CBD) is an active ingredient in a drug product that has been approved under section 505 of the FD&C Act, 21 U.S.C. 355, or has been authorized for investigation as a new drug for which substantial clinical investigations have been instituted and for which the existence of such investigations has been made public, then products containing that substance are outside the definition of a dietary supplement.[7]  There is an exception if the substance was "marketed as" a dietary supplement or as a conventional food before the new drug investigations were authorized; however, based on the evidence available to the FDA, the FDA has concluded that this is not the case for

---

[7] CBD is the active ingredient in the approved drug product Epidiolex. Furthermore, the existence of substantial clinical investigations regarding CBD has been made public. For example, two such substantial clinical investigations include GW Pharmaceuticals' investigations regarding Sativex and Epidiolex.  (See Sativex Commences US Phase II/III Clinical Trial in Cancer PainExternal Link Disclaimer and GW Pharmaceuticals Receives Investigational New Drug (IND) from FDA for Phase 2/3 Clinical Trial of Epidiolex in the Treatment of Dravet SyndromeExternal Link Disclaimer). FDA considers a substance to be "authorized for investigation as a new drug" if it is the subject of an Investigational New Drug application (IND) that has gone into effect. Under 21 CFR 312.2, unless a clinical investigation meets the limited criteria in that regulation, an IND is required for all clinical investigations of products that are subject to section 505 of the FD&C Act.

**CLASS ACTION COMPLAINT**

CBD. The FDA is not aware of any evidence that would call into question its current conclusion that CBD products are excluded from the dietary supplement definition under sections 201(ff)(3)(B)(i) and (ii) of the FD&C Act.

24. Defendant's conduct is also deceptive, unfair, and unlawful in that it violates the prohibition against the sale of adulterated and misbranded products under California's Sherman Laws, which adopt the federal labeling regulations as the food labeling requirements of the state. Cal. Health & Safety Code § 110100.

25. The introduction of adulterated and misbranded food into interstate commerce is prohibited under the FDCA and the parallel state statute cited in this Class Action Complaint.

26. Plaintiff and Class Members would not have purchased the Products or would have paid less for the Products if they were aware of the misleading labeling of the Products by Defendant.

27. Defendant intended for Plaintiff and the Class members to be deceived or misled.

28. Defendant's deceptive and misleading practices proximately caused harm to the Plaintiff and the Class.

29. Plaintiff and Class members would not have purchased the Products, or would have not paid as much for the Products, had they known the truth about the mislabeled and falsely advertised Products.

**CLASS ACTION COMPLAINT**

## <u>CLASS ACTION ALLEGATIONS</u>

30.     Plaintiff brings this action individually and as representatives of all those similarly situated, pursuant to Federal Rule of Civil Procedure 23, on behalf of the below-defined Class:

> **<u>National Class</u>: All persons in the United States who purchased the Products.**

31.     In the alternative, Plaintiff brings this action on behalf of the following State Subclass:

> **<u>California State Subclass</u>: All persons in the State of California who purchased the Products.**

32.     Excluded from the Classes are: (1) Defendant, and any entity in which Defendant has a controlling interest or which have a controlling interest in Defendant; (2) Defendant's legal representatives, assigns and successors; and (3) the judge(s) to whom this case is assigned and any member of the judge's immediate family.

33.     Plaintiff reserves the right to redefine the Class(es), and/or requests for relief.

34.     Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of her claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

**CLASS ACTION COMPLAINT**

35.     The members of the proposed Class(es) are so numerous that joinder of all members is impracticable.

36.     The exact number of Class members is unknown.  Due to the nature of the trade and commerce involved, as well as the number of online and direct complaints, Plaintiff believes the Class consists of thousands of consumers.

37.     Common questions of law and fact affect the right of each Class member, and a common relief by way of damages is sought for Plaintiff and Class members.

38.     Common questions of law and fact that affect Class members include, but are not limited to:

    a.  Whether the Products, when used by consumers in a normal and customary manner and/or in accordance with Defendant's suggested use, works as advertised, marketed, and conveyed to consumers;

    b.  Whether, in the course of business, Defendant represented that the Products have characteristics, uses, benefits, or qualities that they do not have when used by consumers in a normal and customary manner and/or in accordance with Defendant's suggested use;

    c.  Whether the claims Defendant made and is making regarding the Products are unfair or deceptive; specifically, whether the Products were illegally labeled as dietary supplements with illegal delivery instructions;

    d.  Whether Defendant knew at the time the consumer transactions took place that consumers would not receive the promised benefits of the Products that Defendant was claiming they would receive;

**CLASS ACTION COMPLAINT**

e.  Whether Defendant knowingly made misleading statements in connection with consumer transactions that reasonable consumers were likely to rely upon to their detriment;

f.  Whether Defendant knew or should have known that the representations and advertisements regarding the Products were unsubstantiated, false, and misleading;

g.  Whether Defendant has breached express and implied warranties in the sale and marketing of the Products;

h.  Whether Defendant's conduct violates public policy;

i.  Whether Defendant's acts and omissions violated California law;

j.  Whether Defendant has been unjustly enriched by the sale of the Products to the Plaintiff and the Class Members;

k.  Whether Plaintiff and the Class Members did not receive the benefit of their bargain when purchasing the Products;

l.  Whether the Plaintiff and the Class Members suffered monetary damages, and, if so, what is the measure of those damages;

m. Whether Plaintiff and the Class Members are entitled to an injunction, damages, restitution, equitable relief, and other relief deemed appropriate, and, if so, the amount and nature of such relief.

39.  Defendant engaged in a common course of conduct giving rise to the legal rights sought to be enforced by Plaintiff, on behalf of herself and the other Class members.  Similar or identical statutory and common law violations, business practices, and injuries are involved.  Individual questions, if any, are pale by comparison, in both quality and quantity, to the numerous common questions that dominate this action.

**CLASS ACTION COMPLAINT**

40.     Additionally, the factual basis of Defendant's conduct is common to all Class members and represents a common thread of misconduct resulting in injury and damages to all members of the Class.

41.     The named Plaintiff will fairly and adequately assert and protect the interests of the Class.  Specifically, she has hired attorneys who are experienced in prosecuting class action claims and will adequately represent the interests of the Class; and they have no conflict of interests that will interfere with the maintenance of this class action.

   a.   The common questions of law and fact set forth herein predominate over any questions affecting only individual Class members;

   b.   The Class is so numerous as to make joinder impracticable but not so numerous as to create manageability problems;

   c.   There are no unusual legal or factual issues which would create manageability problems, and depending on discovery, manageability will not be an issue as much information is solely in Defendant's possession;

   d.   Prosecution of separate actions by individual members of the Class would create a risk of inconsistent and varying adjudications against Defendant when confronted with incompatible standards of conduct;

   e.   Adjudications with respect to individual members of the Class could, as a practical matter, be dispositive of any interest of other members not parties to such adjudications, or substantially impair their ability to protect their interests; and

   f.   The claims of the individual Class members are small in relation to the expenses of litigation, making a Class action the only procedure in which Class members can, as a practical matter, recover. However, the

**CLASS ACTION COMPLAINT**

claims of individual Class members are collectively large enough to justify the expense and effort in maintaining a class action.

## CAUSES OF ACTION

### COUNT I
**California's Unfair Competition Law
Cal. Bus. & Prof. Code § 17200 et seq.  ("UCL")
(On Behalf of the California Subclass)**

42.    Plaintiff re-alleges and incorporates by reference the allegations contained in Paragraphs 1 through 41, as though set forth fully herein.

43.    The UCL prohibits any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200.

44.    The acts, omissions, misrepresentations, practices, and non-disclosures of Defendant as alleged herein constitute business acts and practices.

45.    <u>Unlawful</u>:  The acts alleged herein are "unlawful" under the UCL in that they violate at least the following laws:

a.    The False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 et seq.;

b.    The Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 et seq.;

c.    The Federal Food, Drug, and Cosmetic Act, 21 U.S.C. §§ 301 et seq.; and

d.    The California Sherman Food, Drug, and Cosmetic Law, Cal. Health & Safety Code §§ 110100 et seq.

46.    <u>Unfair</u>: Defendant's conduct with respect to the labeling, advertising, and sale of the Products was "unfair" because Defendant's conduct was immoral,

**CLASS ACTION COMPLAINT**

unethical, unscrupulous, or substantially injurious to consumers and the utility of their conduct, if any, does not outweigh the gravity of the harm to their victims.

47.     Defendant's conduct with respect to the labeling, advertising, and sale of the Products was and is also unfair because it violates public policy as declared by specific constitutional, statutory or regulatory provisions, including but not limited to the applicable sections of: the Consumers Legal Remedies Act, the False Advertising Law, the Federal Food, Drug, and Cosmetic Act, and the California Sherman Food, Drug, and Cosmetic Law.

48.     Defendant's conduct with respect to the labeling, advertising, and sale of the Products was and is unfair because the consumer injury was substantial, not outweighed by benefits to consumers or competition, and not one consumer themselves could reasonably have avoided.

49.     <u>Fraudulent</u>:  A statement or practice is "fraudulent" under the UCL if it is likely to mislead or deceive the public, applying an objective reasonable consumer test.

50.     As set forth herein, Defendant's claims relating the ingredients stated on the Products' labeling and moreover that the Products were labeled as illegal dietary supplements with illegal delivery instruction is likely to mislead reasonable consumers to believe the product is legal to purchase.

**CLASS ACTION COMPLAINT**

51.     Defendant profited from its sale of the falsely, deceptively, and unlawfully advertised and packaged Products to unwary consumers.

52.     Plaintiff and Class Members are likely to continue to be damaged by Defendant's deceptive trade practices, because Defendant continues to disseminate misleading information on the Products' packaging.   Thus, injunctive relief enjoining Defendant's deceptive practices is proper.

53.     Defendant's conduct caused and continues to cause substantial injury to Plaintiff and the other Class Members.   Plaintiff has suffered injury in fact as a result of Defendant's unlawful conduct.

54.     In accordance with Bus. & Prof. Code § 17203, Plaintiff seeks an order enjoining Defendant from continuing to conduct business through unlawful, unfair, and/or fraudulent acts and practices, and to commence a corrective advertising campaign.

55.     Plaintiff and the Class also seek an order for and restitution of all monies from the sale of the Products, which were unjustly acquired through acts of unlawful competition.

//

//

//

//

**CLASS ACTION COMPLAINT**

## COUNT II
### California's False Advertising Law
### Cal. Bus. & Prof. Code § 17500 ("FAL")
### (On Behalf of the California Subclass)

56.     Plaintiff incorporates paragraphs 1 through 41 as if fully set forth herein.

57.     The FAL provides that "[i]t is unlawful for any person, firm, corporation or association, or any employee thereof with intent directly or indirectly to dispose of real or personal property or to perform services" to disseminate any statement "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."  Cal. Bus. & Prof. Code § 17500.

58.     It is also unlawful under the FAL to disseminate statements concerning property or services that are "untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."  Id.

59.     As alleged herein, the advertisements, labeling, policies, acts, and practices of Defendant relating to the Products misled consumers acting reasonably as to the ingredients and effectiveness of the Products.

60.     Plaintiff suffered injury in fact as a result of Defendant's actions as set forth herein because he purchased the Products in reliance on Defendant's false and misleading labeling claims that the Products, among other things, that the Products

**CLASS ACTION COMPLAINT**

contained the ingredients stated on the Products' labeling and moreover that the Products were labeled as illegal dietary supplements with illegal delivery instruction as claimed on the Products' labeling and Defendant's website.

61. Defendant's business practices as alleged herein constitute deceptive, untrue, and misleading advertising pursuant to the FAL because Defendant has advertised the Products in a manner that is untrue and misleading, which Defendant knew or reasonably should have known, and omitted material information from its advertising.

62. Defendant profited from its sale of the falsely and deceptively advertised Products to unwary consumers.

63. As a result, Plaintiff, the California Subclass, and the general public are entitled to injunctive and equitable relief, restitution, and an order for the disgorgement of the funds by which Defendant was unjustly enriched.

64. Pursuant to Cal. Bus. & Prof. Code § 17535, Plaintiff, on behalf of herself and the California Subclass, seeks an order enjoining Defendant from continuing to engage in deceptive business practices, false advertising, and any other act prohibited by law, including those set forth in this Complaint.

//

//

//

**CLASS ACTION COMPLAINT**

## COUNT III
### California's Consumer Legal Remedies Act
### Cal. Civ. Code § 1750 et seq. ("CLRA")
### (On Behalf of the California Subclass)

65.     Plaintiff incorporates paragraphs 1 through 41 as if fully set forth herein.

66.     The CLRA prohibits deceptive practices in connection with the conduct of a business that provides goods, property, or services primarily for personal, family, or household purposes.

67.     Defendant's false and misleading labeling and other policies, acts, and practices were designed to, and did, induce the purchase and use of the Products for personal, family, or household purposes by Plaintiff and Class Members, and violated and continue to violate the following sections of the CLRA:

    a.  § 1770(a)(5): representing that goods have characteristics, uses, or benefits which they do not have;

    b.  § 1770(a)(7): representing that goods are of a particular standard, quality, or grade if they are of another;

    c.  § 1770(a)(9): advertising goods with intent not to sell them as advertised; and

    d.  § 1770(a)(16): representing the subject of a transaction has been supplied in accordance with a previous representation when it has not.

68.     Defendant profited from the sale of the falsely, deceptively, and unlawfully advertised Products to unwary consumers.

22

**CLASS ACTION COMPLAINT**

69.    Defendant's wrongful business practices constituted, and constitute, a continuing course of conduct in violation of the CLRA.

70.    Pursuant to the provisions of Cal. Civ. Code § 1782(a), Plaintiff will provide a letter to Defendant concurrently with the filing of this Class Action Complaint or shortly thereafter with notice of its alleged violations of the CLRA, demanding that Defendant correct such violations, and providing it with the opportunity to correct its business practices.  If Defendant does not thereafter correct its business practices, Plaintiff will amend (or seek leave to amend) the complaint to add claims for monetary relief, including restitution and actual damages under the Consumers Legal Remedies Act.

71.    Pursuant to California Civil Code § 1780, Plaintiff seeks injunctive relief, their reasonable attorney fees and costs, and any other relief that the Court deems proper.

**COUNT IV**
**Breach of Express Warranties**
**Cal. Com. Code § 2313(1)**
**(On Behalf of the California Subclass)**

72.    Plaintiff incorporates paragraphs 1 through 41 as if fully set forth herein.

73.    Through the Products' labels and advertising, Defendant made affirmations of fact or promises, or description of goods, described above, which

**CLASS ACTION COMPLAINT**

were "part of the basis of the bargain," in that Plaintiff and the Class purchased the Products in reasonable reliance on those statements.  Cal. Com. Code § 2313(1).

74.     Defendant breached the express warranties by selling Products that do not and cannot provide the promised benefits and moreover by selling Products that are illegally labeled as dietary supplements with illegal delivery instructions.

75.     Plaintiff and the Class Members would not have purchased the Products had they known the true nature of the Products' ingredients and what the Products contained and that the Products are illegally labeled as dietary supplements with illegal delivery instructions.

76.     That breach actually and proximately caused injury in the form of the lost purchase price that Plaintiff and Class members paid for the Products.

77.     Furthermore, Defendant had actual knowledge of the defect in the Products purchased by Plaintiff, as well as the Products purchased by other members of the Class, because it had actual knowledge of the nature, ingredients and qualities of the ingredients in its Products by virtue of its own Products' testing and it knows that the affirmations and representations it makes concerning the nature, benefits, ingredients and quantities on the Products' labeling and Defendant's website and advertising is false.

**CLASS ACTION COMPLAINT**

78.     As a result of Defendant's breach of warranty, Plaintiff and Class Members have been damaged in the amount of the purchase price of the Products and any consequential damages resulting from the purchases.

### COUNT V
**Breach of Implied Warranty of Merchantability**
**Cal. Com. Code § 2314**
**(On Behalf of the California Subclass)**

79.     Plaintiff incorporates paragraphs 1-41 as if fully set forth herein.

80.     Defendant, through its acts and omissions set forth herein, in the sale, marketing, and promotion of the Products, made representations to Plaintiff and the Class that, among other things, that the Products were labeled as illegal dietary supplements with illegal delivery instruction.

81.     Plaintiff and the Class bought the Products manufactured, advertised, and sold by Defendant, as described herein.

82.     Defendant is a merchant with respect to the goods of this kind which were sold to Plaintiff and the Class, and there was, in the sale to Plaintiff and other consumers, an implied warranty that those goods were merchantable.

83.     However, Defendant breached that implied warranty in that the Products provide no benefits, as set forth in detail herein, and moreover that the Products are actually labeled as illegal dietary supplements with illegal delivery instruction.

**CLASS ACTION COMPLAINT**

84.     As an actual and proximate result of Defendant's conduct, Plaintiff and the Class did not receive goods as impliedly warranted by Defendant to be merchantable in that they did not conform to promises and affirmations made on the container or label of the goods nor are they fit for their ordinary purpose of providing the benefits as promised.

85.     Plaintiff and the Class have sustained damages as a proximate result of the foregoing breach of implied warranty in the amount of the Products' purchase prices.

## COUNT VI
## Declaratory Relief Under the Declaratory Judgment Act
### (On Behalf of the Nationwide Class or,
### Alternatively, the California Subclass)

86.     Plaintiff incorporates paragraphs 1-41 as if fully set forth herein.

87.     Plaintiff brings this cause of action on behalf of the Nationwide Class and/or the California Subclass.

88.     Declaratory relief is intended to minimize "the danger of avoidable loss and unnecessary accrual of damages."  10B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2751 (3d ed. 1998).

89.     Pursuant to 28 U.S.C. § 2201, *et seq.*, there is an actual controversy between Defendant and Plaintiff concerning whether:

   a. Defendant has misrepresented the nature, ingredients and effectiveness of the Products; and

**CLASS ACTION COMPLAINT**

b.  Defendant knew or should have known of the misrepresentations regarding the efficacy of the Products.

90.    Pursuant to 28 U.S.C. § 2201, the Court may "declare the rights and legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

91.    Despite findings which have proven Defendant's representations false, Defendant continues to represent the nature, ingredients and effectiveness of the Products, specifically labeling the Products as illegal "dietary supplements" with illegal delivery instruction and has otherwise failed to correct those misrepresentations.

92.    Accordingly, based on Defendant's repeated and continued misrepresentations, Plaintiff seeks a declaration that Defendant has misrepresented the ingredients and effectiveness of the Products and that its actions are unlawful.

93.    The declaratory relief requested herein will generate common answers that will settle the controversy related to the misrepresented labeling of the Products. There is an economy to resolving these issues as they have the potential to eliminate the need for continued and repeated litigation.

//

//

//

**CLASS ACTION COMPLAINT**

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this case be certified and maintained as a class action and for judgment to be entered against Defendant as follows:

A.    Enter an order certifying the proposed Class (and subclasses, if applicable), designating Plaintiff as the class representative, and designating the undersigned as class counsel;

B.    Enter an order awarding Plaintiff and the class members their actual damages, treble damages, and/or any other form of monetary relief provided by law, except that no monetary relief is presently sought for violations of the Consumers Legal Remedies Act;

C.    Declare that Defendant is financially responsible for notifying all Class members of the problems with the Products;

D.    Declare that Defendant must disgorge, for the benefit of the Class, all or part of the ill-gotten profits it received from the sale of the Products, or order Defendant to make full restitution to Plaintiff and the members of the Class, except that no monetary relief is presently sought for violations of the Consumers Legal Remedies Act;

E.    Defendant shall audit and reassess all prior customer claims regarding the Products, including claims previously denied in whole or in part;

F.    An order awarding Plaintiff and the classes pre-judgment and post-judgment interest as allowed under the law;

G.    For reasonable attorneys' fees and reimbursement of all costs for the prosecution of this action, including expert witness fees; and

H.    For such other and further relief as this Court deems just and appropriate.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

**CLASS ACTION COMPLAINT**

Dated: December 3, 2019                         Respectfully Submitted,

By:  /s/ Jonathan Shub
      Jonathan Shub (CA Bar #237708)
      Kevin Laukaitis*
      **KOHN, SWIFT & GRAF, P.C.**
      1600 Market Street, Suite 2500
      Philadelphia, PA 19103
      Tel: 215-238-1700
      jshub@kohnswift.com
      klaukaitis@kohnswift.com

      Nick Suciu III*
      **BARBAT, MANSOUR & SUCIU PLLC**
      1644 Bracken Rd.
      Bloomfield Hills, Michigan 48302
      Tel: 313-303-3472
      nicksuciu@bmslawyers.com

      Gregory F. Coleman*
      Rachel Soffin*
      **GREG COLEMAN LAW PC**
      First Tennessee Plaza
      800 S. Gay Street, Suite 1100
      Knoxville, Tennessee 37929
      Tel: 865-247-0080
      greg@gregcolemanlaw.com
      rachel@gregcolemanlaw.com

      ***Pro Hac Vice Application Forthcoming***

      ***Counsel For Plaintiff And The Class***

29