UNITED STATES DISTRICT COURT                    **JS-6**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 19-10241-DMG (JEMx)** | Date | March 3, 2021 |

| | | | |
|---|---|---|---|
| Title | *Cynthia Davis v. cbdMD, Inc.* | Page | 1 of 4 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

|  |  |
|---|---|
| KANE TIEN | NOT REPORTED |
| Deputy Clerk | Court Reporter |

|  |  |
|---|---|
| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
| None Present | None Present |

**Proceedings:  IN CHAMBERS—ORDER RE DEFENDANT'S MOTION TO DISMISS
[40]**

On December 3, 2019, Plaintiff Cynthia Davis filed a Class Action Complaint against Defendant cbdMD, Inc., which was dismissed, with leave to amend, on February 10, 2020. [Doc. # 34.]  On February 28, 2020, Plaintiff filed a First Amended Class Action Complaint ("FAC") seeking to certify a nationwide class and California subclass of consumers of Defendant's cannabidiol ("CBD") products and alleging that Defendant's sales and labeling of CBD products breach express and implied warranties and violate California's Unfair Competition Law ("UCL"), False Advertising Law ("FAL"), and Consumer Legal Remedies Act ("CLRA").  [Doc. # 35.]  Plaintiff also seeks declaratory relief under the Declaratory Judgment Act.  Compl. at ¶¶ 88-95.

Defendant filed a motion to dismiss or stay all claims.  [Doc. # 40.]  The motion is fully briefed.  [Doc. ## 45 ("Opp."), 56 ("Reply").].  For the reasons set forth below, the Court **GRANTS** the motion to stay.[1]

# I.
# FACTUAL AND PROCEDURAL BACKGROUND[2]

Plaintiff is a citizen of California who, on April 15, 2020, purchased a product containing CBD, specifically CBD Inflammation Formula 4oz Tub 750mg, from Defendant through Defendant's website, https://www.cbdmd.com.  FAC at ¶ 13.  Defendant is a North Carolina corporation that formulates, manufactures, and sells products containing CBD that Plaintiff identifies as falling into the following categories:  "CBD Tinctures," "CBD Gummies," "CBD

---

[1] The Court **DENIES as moot** Defendant's Request for Judicial Notice because it need not rely on the documents attached therein to resolve the motion.

[2] The Court accepts all material facts alleged in the Complaint as true solely for the purpose of deciding the motion.

UNITED STATES DISTRICT COURT               **JS-6**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 19-10241-DMG (JEMx)** | Date | March 3, 2021 |
|---|---|---|---|

| Title | *Cynthia Davis v. cbdMD, Inc.* | Page | 2 of 4 |
|---|---|---|---|

Capsules," "CBD Sleep Aids," and "CBD Topicals," together referred to as the "Products" or "CBD Products." *Id.* at ¶¶ 1-3, 14.

On November 22, 2019, the United States Food and Drug Administration ("FDA") sent Warning Letters to 15 CBD manufacturers—not including Defendant—discussing ways in which those companies' CBD products marketed as human drugs and food products or animal drugs and food products violated the federal Food, Drug, and Cosmetic Act ("FDCA"). *Id.* at ¶ 16.

Plaintiff's FAC alleges that Defendant's CBD Topical products are illegally sold drugs under the FDCA and misbranded due to lack of adequate directions for use. *Id.* at ¶¶ 17-22. The FAC also alleges that Defendant's CBD Tinctures, CBD Gummies, CBD Capsules, and CBD Sleep Aid are mislabeled as dietary supplements. *Id.* at ¶¶ 21-25.

## II.
## DISCUSSION

Defendant argues that the case should be dismissed or stayed under the primary jurisdiction doctrine, which "allows courts to stay proceedings or to dismiss a complaint without prejudice pending the resolution of an issue within the special competence of an administrative agency." *Clark v. Time Warner Cable*, 523 F.3d 1110, 1114 (9th Cir. 2008). This prudential doctrine is intended to be used only when a claim "requires resolution of an issue of first impression, or of a particularly complicated issue that Congress has committed to a regulatory agency." *Brown v. MCI WorldCom Network Servs., Inc.*, 277 F.3d 1166, 1172 (9th Cir. 2002). Courts consider the following non-exhaustive factors in deciding whether the primary jurisdiction doctrine applies: "(1) the need to resolve an issue that (2) has been placed by Congress within the jurisdiction of an administrative body having regulatory authority (3) pursuant to a statute that subjects an industry or activity to a comprehensive regulatory authority that (4) requires expertise or uniformity in administration." *Syntek Semiconductor Co., Ltd. v. Microchip Tech., Inc.*, 307 F.3d 775, 781 (9th Cir. 2002).

The primary jurisdiction doctrine applies where the "initial decisionmaking responsibility should be performed by the relevant agency rather than the courts." *GCB Commc'ns, Inc. v. U.S. S. Commc'ns, Inc.*, 650 F.3d 1257, 1263–64 (9th Cir. 2011) (citation and internal quotation marks omitted). Plaintiff argues that the primary jurisdiction doctrine does not apply because the FDA has not announced any formal regulatory proceedings relating to CBD or the CBD industry and, regardless, that any future FDA rules would not apply retrospectively to Plaintiff's claims in this suit. Opp. at 11-12. Neither of Plaintiff's arguments are persuasive.

UNITED STATES DISTRICT COURT          JS-6
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 19-10241-DMG (JEMx) | Date | March 3, 2021 |
|---|---|---|---|

| Title | *Cynthia Davis v. cbdMD, Inc.* | Page | 3 of 4 |
|---|---|---|---|

First, although the primary jurisdiction doctrine applies in "limited circumstances," and "a court should not invoke primary jurisdiction when the agency is aware of but has expressed no interest in the subject matter of the litigation[,]" the FDA and Congress have separately expressed interest in regulating CBD. *Astiana v. Hain Celestial Group, Inc.*, 783 F.3d 753, 760-61 (9th Cir. 2015). As Defendant points out, and cases from other courts confirm, the FDA has recently formed a task force, conducted a public hearing, and opened a public hearing period on CBD products, and two CBD-related measures are pending in Congress. Mot. at 21-22; *see Snyder v. Green Roads of Fla. LLC*, 430 F. Supp. 3d 1297, 1308 (S.D. Fla. 2020); *see also Colette v. CV Scis., Inc.*, No. CV 19-10227-VAP (JEMx), 2020 WL 2739861, at *5 (C.D. Cal. May 22, 2020) (citing *Snyder*); *Glass v. Glob. Widget, LLC*, No. CV 19-01906-MCE (KJN), 2020 WL 3174688, at *4 (E.D. Cal. June 15, 2020) (same). The FDA is within its purview to exercise rulemaking authority over the definitions and regulation of CBD products, but there is "uncertainty" regarding whether specific CBD products constitute drugs, food additives, dietary supplements, or nutrients, and whether labelling standards for CBD will be the same as with respect to other types of products under the FDCA and existing FDA regulations. *See Snyder*, 430 F. Supp. 3d at 1308. In fact, it is unclear how the Court can adjudicate Plaintiff's claims given the lack of clarity as to which of Defendants' CBD Products are drugs or dietary supplements, and what standards apply to those Products. Consistent guidance and uniform administration are therefore needed in this area, particularly given potential safety concerns. *See Syntek Semiconductor* 307 F.3d at 781. Just as in *Snyder*, *Colette*, and *Glass*, "the factors militating in favor of application of the doctrine of primary jurisdiction are present in this case." *Snyder*, 430 F. Supp. 3d at 1308.

Echoing the plaintiffs in other CBD cases, Plaintiff argues that the primary jurisdiction doctrine is inapposite because forthcoming regulations will not apply retroactively to Defendant's Products. Opp. at 12. But the Court agrees with its sister courts that "the presumption against retroactivity may be overcome by statutory authorization" and that Congress may conclude that any forthcoming legislation must apply retroactively. *Colette*, 2020 WL 2739861, at *5.

Because "further judicial proceedings are contemplated" in this case after the promulgation of regulations or statutes clarifying the definitions and treatment of CBD in consumer products, "jurisdiction should be retained by a stay of proceedings, not relinquished by a dismissal." *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 761 (9th Cir. 2015) (quoting *N. Cal. Dist. Council of Hod Carriers v. Opinski*, 673 F.2d 1074, 1076 (9th Cir. 1982)). Accordingly, the Court **STAYS** this action until the FDA completes its rulemaking and/or Congress passes legislation regarding the definitions, marketing, and labeling of CBD products.

UNITED STATES DISTRICT COURT          **JS-6**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 19-10241-DMG (JEMx)** | Date | March 3, 2021 |
|---|---|---|---|

| Title | *Cynthia Davis v. cbdMD, Inc.* | Page | 4 of 4 |
|---|---|---|---|

**III.**
**CONCLUSION**

The Court therefore **GRANTS** Defendant's motion and **STAYS** this case.  During the stay, the case shall be administratively closed.  The parties are directed to file a joint status report every 90 days, beginning on June 1, 2021.


**IT IS SO ORDERED**.